UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PATRICK SPAIN,                )  |   |
|                               )  |   |
|         Petitioner,    )  |   |
| v.                            )  | Case No. 06-CV-2137 |
|                               )  |   |
| UNITED STATES OF AMERICA,     )  |   |
|                               )  |   |
|         Respondent.    )  |   |

## OPINION

On July 24, 2006, Petitioner, Patrick Spain, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Petitioner subsequently filed a Memorandum in Support (#6). In his Motion (#1), Petitioner claimed that he was denied the effective assistance of counsel because (1) his counsel failed to object under United States v. Edwards, 397 F.3d 570 (2005) regarding the exact nature of the cocaine base, and (2) his counsel failed to call witnesses at sentencing so he could receive a departure under 18 U.S.C. § 3553(e). On September 22, 2006, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#9). The Government argued that Petitioner's claims are without merit and his Motion should be denied. Following this court's careful review of Petitioner's Motion and Memorandum, as well as the Government's Response, this court agrees with the Government's arguments. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

## FACTS

On February 18, 2004, Petitioner was charged by indictment with the offenses of: (Count 1) possession of 5 or more grams of crack cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); (Count 2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (Count 3) felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1). On April 14, 2004, the Government filed notice of Petitioner's prior felony drug convictions pursuant to 21 U.S.C. § 851. On the same date, Petitioner pleaded guilty to the charges contained in the indictment. At the plea hearing, this court conducted a thorough colloquy with Petitioner, during which this court advised Petitioner of the charges against him, the elements of the offenses, and the potential penalties. This court's colloquy with Petitioner included a discussion of the fact that Petitioner, because of his prior felony drug conviction, faced a mandatory minimum sentence under the statute of 10 years to life imprisonment on Count 1, and a mandatory minimum consecutive sentence of 5 years imprisonment on Count 2, for a total mandatory minimum sentence of 15 years imprisonment. Petitioner stated that, knowing the possible penalties for his offenses, he still wanted to proceed with his plea of guilty. Petitioner also stated that no one had promised him anything regarding his sentence.

The prosecutor presented a factual basis for Petitioner's guilty plea and stated that, during the execution of a search warrant at Petitioner's residence, police officers found a loaded Smith & Wesson .357 revolver and four individual baggies of what turned out to be crack cocaine. The Government stated that the crack cocaine was in excess of five grams. The prosecutor also stated that Petitioner waived his <u>Miranda</u> rights after his arrest and stated that he had recently purchased eight stolen guns. The guns were subsequently retrieved by Petitioner's girl friend and turned over to law enforcement. This court asked Petitioner if he agreed with what the prosecutor said and Petitioner responded, "Yes, sir." Petitioner further agreed that he was pleading guilty because he was in fact guilty. The following exchange then took place between this court and Petitioner:

> Q   Did you on January 15, 2004, in the Central District of Illinois, knowingly and intentionally possess five or more grams of a mixture and substance containing cocaine base, crack, with the intent to distribute it?

> A   Yes, sir.
>
> Q   You knew it was crack, and you knew it was a violation of the law?
>
> A   Yes, sir.

This court then accepted Petitioner's guilty plea. There was no written plea agreement.

Sentencing was originally scheduled for July 23, 2004. After several continuances, the sentencing hearing was held on March 8, 2005. At sentencing, Petitioner's counsel stated that she had discussed the Edwards issue with Petitioner and they had decided not to pursue that issue. Therefore, Petitioner's counsel stated that there were no unresolved objections to the presentence investigation report. In response to a question by this court, Petitioner agreed that was correct. This court then stated that the advisory guideline range for Counts 1 and 3 was 188 to 235 months, and that the guideline sentence for Count 2 was 60 months, to run consecutive to the sentence imposed on Counts 1 and 3.

The prosecutor then addressed the court and stated that he was glad, for Petitioner's sake, that Petitioner had decided not to make a frivolous objection as to the identity and type of the controlled substance after pleading guilty to those facts. This court agreed and noted that it was clear on the record that Petitioner pleaded guilty to possessing crack. This court stated that this case did not present the same situation as existed in Edwards. The prosecutor then stated that he mentioned this "just for the record so that [Petitioner] is aware that the government's view is that he wisely chose not to assert that objection because had he done so he would not be receiving any sentencing recommendation from the government and, in the government's view, would have also jeopardized his acceptance of responsibility."

The prosecutor then stated that Petitioner had a significant criminal history and that, in this particular case, "he was involved in the possession and certainly the intention to distribute a non-

insignificant amount of crack cocaine" and was also in possession of multiple firearms. The Government stated, however, that Petitioner agreed to cooperate, to his credit, and did provide information that was of some intelligence value to law enforcement. The prosecutor then stated that "most significantly, he did testify in a murder trial in Kankakee County." The prosecutor stated that it was not unreasonable to assume that Petitioner's testimony played a significant part in the jury reaching a guilty verdict in that case. The prosecutor stated that Petitioner's cooperation was of substantial assistance and warranted a sentencing recommendation under § 5K1.1 of the sentencing guidelines. The prosecutor stated that the Government would not be making a motion under 18 U.S.C. § 3553(e) to depart below the statutory minimum sentence. The prosecutor stated that the total minimum guideline sentence was 248 months. The prosecutor stated that the Government was recommending a 20 % downward departure for Petitioner's assistance and therefore recommended a 50 month departure to 198 months.

      Petitioner's counsel then expressed extreme dismay that the Government was not making a motion under 18 U.S.C. § 3553(e) so that Petitioner's sentence could be lower than the statutory mandatory minimum of 180 months. Petitioner's counsel suggested that the Government may be in violation of Petitioner's cooperation agreement. This court then reviewed the cooperation agreement and agreed with the prosecutor that the agreement gave the Government discretion as to whether it would make a motion under § 5K1.1 or 18 U.S.C. § 3553(e). This court rejected Petitioner's counsel's argument that the Government could not do one without doing the other and found no breach of the cooperation agreement by the Government. Petitioner's counsel then requested a continuance because Petitioner was "shocked" by the Government's recommendation and failure to make a motion under 18 U.S.C. § 3553(e). This court denied the request for a continuance. This court then granted the Government's motion under § 5K1.1, and again noted that it was in the Government's discretion whether to also request to go below the statutory minimum.

This court then imposed a sentence of 120 months on Count 1 and Count 3, to be served concurrently, and a sentence of 60 months on Count 2, to be served consecutively to the term imposed in Counts 1 and 3, for a total sentence of 180 months. This court found that "the statutory mandatory minimum sentence of 180 months is the reasonable and appropriate sentence."

Petitioner filed a Notice of Appeal, but his counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The Seventh Circuit granted counsel's motion and dismissed Petitioner's appeal. United States v. Spain, Case No. 05-1714 (7th Cir. July 18, 2005). In doing so, the Seventh Circuit noted that counsel had correctly concluded that she could not address the validity of the guilty pleas because Petitioner did "not wish to withdraw the pleas." Spain, Case No. 05-1714, at 2. The Seventh Circuit then agreed with counsel that there were no grounds for challenging Petitioner's sentence. Spain, Case No. 05-1714, at 2. The court agreed that it would be frivolous to argue that the minimum statutory sentence imposed was unreasonable. Spain, Case No. 05-1714, at 2. The Seventh Circuit also stated:

> Finally, counsel considers whether Spain could argue that the district court erred by not further departing below the statutory minimum even without a government motion under § 3553(e). That argument would be frivolous because it is settled that only the government may initiate a § 3553(e) departure; the district court lacked the authority to depart sua sponte below the statutory minimum sentence. [Citations omitted.] Booker did not alter this limitation. [Citations omitted.]

Spain, Case No. 05-1714, at 2.

As noted, on July 24, 2006, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). The Motion is fully brief and ready for ruling.

ANALYSIS

Petitioner claims that he was denied the effective assistance of counsel. To prevail on such a claim, a petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, a petitioner must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner first claims that his counsel was ineffective for failing to object as to the exact nature of the cocaine base as it was not proven to be "crack." In making this argument, Petitioner has relied upon the Seventh Circuit's decision in Edwards. The Government is correct, however, that Petitioner expressly admitted that the substance he possessed was crack cocaine and that he knew it was crack cocaine. In addition, the presentence investigation report stated that Petitioner admitted to law enforcement officers that he had been distributing crack cocaine his entire adult life. Petitioner pleaded guilty to possessing crack cocaine because he was guilty of possessing crack cocaine and cannot show that he was prejudiced in any way by his counsel's failure to somehow raise an issue based upon Edwards. There was no issue based upon Edwards to raise in this case.

Petitioner seems to be arguing that, because the drug involved in his offense was determined to be "cocaine base," his counsel was ineffective for advising him to plead guilty to possessing crack. Underlying this argument seems to be a belief that, because of the decision in Edwards, the Government would not be able to prove that the substance was "crack" because the lab report said "cocaine base." This is incorrect.

The Seventh Circuit has long held that crack is one of several forms of cocaine base and that the enhanced penalties included in the applicable statutes and guidelines apply only to the crack form of cocaine base. See United States v. Abdul, 122 F.3d 477, 478-79 (7th Cir. 1997); United

States v. Reddrick, 90 F.3d 1276, 1282 (7th Cir. 1996); United States v. Booker, 70 F.3d 488, 494 (7th Cir. 1995).  The Seventh Circuit has also long held that "those who smoke, buy, or sell this stuff [crack cocaine] are the real experts on what is crack."  United States v. Earnest, 185 F.3d 808, 812 (7th Cir. 1999), quoting United States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999).  Therefore, the Seventh Circuit has "repeatedly held that the government can prove a substance is crack [cocaine] by offering testimony from people familiar with the drug."  United States v. Romero, 469 F.3d 1139, 1153 (7th Cir. 2006), quoting United States v. Anderson, 450 F.3d 194, 301 (7th Cir. 2006), cert. denied, 127 S. Ct. 532 (2006); see also United States v. Linton, 235 F.3d 328, 330 (7th Cir. 2000) ("testimony of witnesses familiar with crack, combined with direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy the government's burden of proof and permit a district court to conclude that a defendant possessed crack").  The decision in Edwards did not change any of this well established law.

In Edwards, the Seventh Circuit stated that, "[a]ll crack is cocaine base but not all cocaine base is crack."  Edwards, 397 F.3d at 571.  That is clearly true.  However, Edwards did not state that the Government cannot prove that a substance is crack cocaine without a lab report that says the substance is crack.  Edwards did not in any way call into question the long line of decisions which hold that evidence from witnesses familiar with crack is sufficient.  In fact, in United States v. Cannon, 429 F.3d 1158 (7th Cir. 2005), the Seventh Circuit rejected an argument based upon Edwards.  In Cannon, the defendant stipulated at trial that the substance at issue was "cocaine base (crack)."  Cannon, 429 F.3d at 1160.  The Seventh Circuit noted that Cannon's appellate lawyer argued that "Cannon and trial counsel may not have appreciated that there are varieties of cocaine base other than crack."  Cannon, 429 F.3d at 1160.  However, the Seventh Circuit concluded that "Cannon surely knew whether his own inventory was 'crack.'"  Cannon, 429 F.3d at 1160.  Petitioner's argument in this case fails for the same reason.  Petitioner admitted he possessed crack

7

cocaine and was clearly capable of making that admission. His counsel could not have raised a non-frivolous issue based upon Edwards in this case and, obviously, was not ineffective for failing to raise a frivolous issue. See United States v. Bew, 445 F. Supp. 2d 921, 923-24 (N.D. Ill. 2006); Patrick v. United States, 2006 WL 1043935, at *2 (N.D. Ind. 2006).

Petitioner next argued that his counsel was ineffective for failing to call the judge in the murder case as a witness at sentencing regarding the value of his cooperation and testimony at the murder trial. He contended that his counsel could then have argued that this court should sua sponte depart below the statutory minimum sentence under § 3553(e). However, as noted by the Seventh Circuit in dismissing Petitioner's appeal, "only the government may initiate a § 3553(e) departure; the district court lacked the authority to depart sua sponte below the statutory minimum sentence." Spain, Case No. 05-1714, at 2. Counsel could not have been ineffective for failing to perform a futile act.

IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 28th day of _____March_____, 2007.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE